[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above captioned applications to confirm and to vacate an arbitration award were scheduled for a hearing on April 24, 1995.
The motion to vacate was filed on behalf of Fair Street Foundry Associates and Fair Street Foundry Associates, Limited Partnership by Maurice A. Reichman, who affixed the description "pro se" after his signature on the application that is Docket No. CV 95-0371384. No appearance has been filed for the respondents in the motion to confirm the arbitration award filed by J.A. Nash Co., Inc. in Docket No. 95-0372238.
On April 25, 1995, the date designated in the order to show cause issued in each case, the clerk's office received a call from Mr. Reichman, who stated that his car had broken down and that he was unable to attend the hearing. He asked that the case be continued.
The court, with the acquiescence of counsel for J.A. Nash Co., Inc., who was present in court on April 24, 1995, rescheduled the hearing for May 1, 1995 at 10:30 a.m. The clerk's office notified Mr. Reichman of the granting of his request and the scheduling of the hearings for May 1, 1995. Mr. Reichman did not appear in court on May 1, 1995. Counsel for J.A. Nash Co., Inc. stated on the record that he had left a message on Mr. Reichman's answering machine likewise advising him that the hearing had been continued to May 1, 1995.
Because no representative of either Fair Street Foundry Associates or Fair Street Foundry Associates, Limited Partnership appeared to present the merits of the application to vacate the arbitration award at issue, that application is denied pursuant to § 351 P.B. for failure to prove grounds for vacating the award at a hearing duly scheduled for that purpose.
With regard to the application to confirm the arbitration award, the court find that the applicant, J.A. Nash Co., Inc. has proved the following facts relevant to confirmation of the award pursuant to General Statutes §§ 52-417 and 421. By a contract dated May 22, 1987, Fair Street Foundry Associates and J.A. Nash Co., Inc. agreed to submit to arbitration "[a]ll claims or disputes between [them] arising out of, or relating to, the Contract Documents or the breach thereof." (Ex. B, AIA Contract, Article 13.2).
J.A. Nash Company, Inc. submitted a claim for arbitration as CT Page 4717 to both Fair Street Foundry Associates and another entity, Fair Street Foundry Associates Limited Partnership. In the absence of any indication to the contrary, this court infers that this additional party to the arbitration agreed to participate in it and to be bound by its terms despite not having been a named party as to the May 22, 1987 contract. Correspondence from the American Arbitration Association dated January 25, 1995, indicates that all three parties were consulted with regard to the selection of arbitrators, and the arbitration award itself names all three parties as participants. By a unanimous award signed by all three arbitrators on or before February 1, 1995, the arbitrators awarded the sum of $150,000.00 to J.A. Nash Co., Inc. against "Fair Street Foundry Associates Limited Partnership and Fair Street Foundry Associates General Partnership."
General Statutes § 52-417 provides that the court or judge shall grant an order confirming the arbitration award "unless the award is vacated, modified or corrected as prescribed in section52-418 and 52-419," provided the application for such an order is filed within one year after the award has been rendered and the parties notified.
This court finds that the arbitration award entered on February 1, 1995 described above has not been shown to have been vacated, modified or corrected, that a motion to vacate the award has been denied, and that the award should be and hereby is confirmed.
Beverly J. Hodgson Judge of the Superior Court